IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WILLIAM LEE GRANT II, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:18CV247 |
| v. | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) | |

William Grant II filed his pro se Complaint on June 4, 2018 (Filing No. 1), and has been given leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff's Complaint consists of:

1. A "Command Complaint" that appears to be a copy of a complaint originally filed in the United States Court of Federal Claims that contains frivolous allegations such as: "Operation: Hometown Glory is a DoD domestic Black Ops Program run under the banner of the DOJ. The DoD disavows BEYONCE"; "Grandmas kick ass!"; and "The DoD remembers 'Nam."

2. Four exhibits, which are photocopies of orders entered by other federal courts in cases filed by Grant, with various handwritten notations:

    A. Text order entered by the United States District Court for the Central District of Illinois on March 22, 2018, in *Grant v. Illinois*

*Department of Employment Security*, No. 3:18-cv-03054, dismissing Grant's complaint on initial review as frivolous and for failure to state a claim upon which relief may be granted.[1]

B. An order entered by the United States District Court for the Northern District of Georgia on April 17, 2018, in *Grant v. United States Department of Defense*, No. 1:18-CV-1469, dismissing Grant's pro se civil action asserting "various conspiracy theories against mostly former government officials" as frivolous.

C. Order entered by the United States District Court of the Eastern District of Virginia on April 27, 2018, in *Grant v. U.S. Department of Defense*, No. 1:18-cv-449, dismissing Grant's complaint with prejudice as frivolous.

D. Memorandum Opinion and Order entered by the United States District Court of the District of Maryland on May 16, 2018, in *Grant v. U.S. Department of Transportation, et al.*, Civil Action No. GLR-18-1327, dismissing Grant's complaint on initial review as frivolous and for failure to state a claim upon which relief can be granted.

E. Order entered by the United States Court of Appeals for the Federal Circuit on February 21, 2018, in *Grant v. United States*, No. 2018-1413, summarily affirming dismissal of Grant's

---

[1] The district court viewed Plaintiff's complaint "as a continuation of Plaintiff's abuse of the pro se litigation process" because it "raise[d] irrational and wholly incredible issues which have all been previously dismissed by this court." Text Order of March 22, 2018 (citing 11 previously dismissed cases).

complaint filed in the United States Court of Federal Claims, Case No. 1:17-cv-01785, for lack of jurisdiction.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,[2] or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III.  DISCUSSION

It is clear from the face of Plaintiff's Complaint that the District of Nebraska is not a proper venue. "Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Springfield, Illinois, and no act or omission forming the basis for the Complaint is alleged to have occurred in Nebraska.

---

[2] Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

If a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[3] Here, the court will dismiss the case rather than unnecessarily burden the Central District of Illinois with another frivolous lawsuit filed by Plaintiff.

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1406(a), Plaintiff's Complaint will be dismissed without prejudice for improper venue.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice.

2. Judgment will be entered by separate document.

DATED this 11th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3] A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *Thompson v. Ault*, No. 8:10CV240, 2010 WL 3733998, at *2 (D. Neb. Sept. 17, 2010) (citing cases).